Reade, J.
 

 The ordinance of the Convention entitled “ An ordinance to change the jurisdiction of the courts and the rules of pleading therein,” provides that “dormant judgments shall only be revived by actions of debt, and every
 
 scire facias
 
 to revive a judgment shall be dismissed on motion, provided that those now issued shall be dismissed at the cost of the debtor.”
 

 The
 
 scire facias
 
 in this case was issued before the passage
 
 *330
 
 of the ordinance, and the debtor was entitled to have the same dismissed on
 
 his
 
 motion, and at his cost. Pie did not move to have it dismissed, and judgment was entered against him. He now insists that he is entitled to have the judgment set aside as irregular and void; that the ordinance was an adjudication, and was mandatory to the court to dismiss the
 
 scire facias
 
 without motion; that the court had no power to render judgment even with the consent of the debtor, any more than a County Court would have the power to render judgment of death for a felony. It is difficult to conceive of any reason why the Convention should have ordained any such arbitrary rule. The parties had a controversy regularly constituted in court. It was not within the power of the Convention to relieve either party from any liability incurred to the other. Possibly it had the power to change the remedy: but why it should arbitrarily change the remedy against the wishes of both parties is not apparent. If it be supposed that it was the purpose of the Convention to favor the debtor, it may be that an
 
 arbitrary rule
 
 to dismiss the case at his cost, so far from favoring would have very seriously damaged the debtor. Suppose that at the time of the passage of the ordinance, a
 
 scire facias
 
 had been pending in court for years, until the cost was more than the debt, and the debtor had a good defence, as payment, and he is anxious to avail himself of this defence, and thereby avoid
 
 both
 
 the debt and the costs. Here, by this construction the ordinance cuts off his defence, and directs the court to dismiss the case and make the defendant pay the costs! It ought not to be supposed that the Convention, under the color of favoring a debtor, would thus have trifled with his rights and imposed upon him a heavy liability, not only without his consent, but against his protestation. It is believed to have been the intention of the Convention to favor the debtor so far as could be legitimately done by allowing him, if he thought proper,
 
 *331
 
 to come forward and upon Ms own motion have the
 
 scire facias
 
 dismissed, if he chose to pay the costs for the favor.
 

 The debtor did not so move in this case, and, therefore, it was proper in the court to give judgment on the
 
 scire facias.
 
 It was a regular judgment entered according to the course and practice of the court, and the court, at a subsequent term, had no power to set it aside.
 

 The act of 1777, Eev. Code, c. 115, s. 10, provided that no suit should be brought in the Superior Court for a less sum than one hundred dollars, &c.; and that, if any suit were brought for a less sum, the plaintiff should be nonsuited.
 

 In construing the statute, this court said, “The court does not,
 
 ex
 
 officio, order a nonsuit. It acts only on the defendant’s motion to that effect; for it may be that the defendant would prefer the bar of a verdict for a certain sum, to letting the plaintiff at large again; and the provision is not to be construed in favor of the plaintiff, but the defendant only ;”
 
 Allison
 
 v.
 
 Hancock,
 
 2 Dev., 296. It will be observed that that statute was in terms mandatory upon the court to nonsuit the plaintiff upon the fact appearing; and that it did not provide that it should be done
 
 on motion.
 
 Yet the court held that the defendant was not entitled to the benefit of the act, except on his motion. But in the case under consideration, the ordinance provides in terms that the
 
 scire facias
 
 shall be dismissed
 
 on motion.
 
 And, if the court would require a motion, when the act did not in terms require it, certainly it will require one when the ordinance does in terms require it.
 

 Per Curiam. There is no error.